**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**
No. 96-20615
(Summary Calendar)

KENRIC JACKSON,

Plaintiff - Appellant,

versus

J. BLACK; JAMES A. COLLINS, Director, Texas
Department of Criminal Justice, Institutional
Division; JOHNNY KLEVENHAGEN, Sheriff,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-772)
_____

May 29, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenric Jackson, Texas state prisoner # 666617, requests permission to proceed *in forma pauperis* in the appeal of the denial of his *pro se* and *in forma pauperis* complaint filed pursuant to 42

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

U.S.C. § 1983.  On January 9, 1997, Chief Judge Politz ordered Jackson to file an affidavit for leave to proceed *in forma pauperis* on appeal pursuant to the Prison Litigation Reform Act of 1996 ("PLRA").  The order held Jackson's appeal in abeyance for thirty days pending payment of the $105 filing fee or submittal of the required documents pursuant to the PLRA.  After obtaining a short extension of time, Jackson timely responded; however, the documentation submitted by Jackson does not fully comply with the requirements imposed by the PLRA, because the information regarding his prison trust account covers the six months prior to his amended filing in February 1997, not the six months that preceded his notice of appeal filed June 17, 1996.

Although Jackson's prison account statement covers the wrong six-month period, we find that it is in substantial compliance with the requirements of section 1915(b)(1)(B) of the PLRA.  Jackson has shown that he is unable to prepay the filing fee and qualifies to proceed *in forma pauperis* under the PLRA.

However, after reviewing his complaint and the record, we find that Jackson's appeal is completely without merit.  The PLRA provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(ii). We dismiss Jackson's appeal as frivolous, and warn him that future

frivolous actions in the district court or in this court may result in his being unable to proceed *in forma pauperis* ever again.  *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous . . . .").

Despite our dismissal of Jackson's frivolous claim, the PLRA requires that he pay the full filing fee of $105 for this appeal. Because Jackson's prison account demonstrates that he cannot pay the fee at this time, the court is to collect an initial, partial filing fee, equal to twenty percent of the greater of: (a) the average monthly deposits to Jackson's trust fund account, or (b) the average monthly balance in that account for the six-month period preceding the filing of his notice of appeal.  After payment of the initial partial filing fee, the court will deduct funds from Jackson's account until the full filing fee is paid.  28 U.S.C. § 1915(b)(1)-(2), as amended by the PLRA.

DISMISSED.